**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
**RAUL CRESPO,**

                       **Plaintiff,**

                                                          **1:21-cv-06963-BMC**

    **-against-**

**PHILIPPOS KAPNISIS, Individually, and**
**APPOLO TECH CORP., APOLLO TECH**
**IRON WORK CORPORATION D/B/A**
**PROTECH ENTERPRISE CORP,**

                       **Defendant(s)**
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
## TO COMPEL ARBITRATION AND STAY THIS ACTION

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
*Attorney for Defendants*
1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884
(212) 563-9870 (Fax)
michael@thesamuellawfirm.com

# TABLE OF CONTENTS

                                                                  **Page(s)**

**TABLE OF CONTENTS** ..................................................................................................i
**PRELIMINARY STATEMENT** ......................................................................................1
**ARGUMENT** ....................................................................................................................3
    *POINT I  The Federal Arbitration Act Requires That Plaintiff's Claims Be Arbitrated*...........3
    *POINT II  The Court Should Compel Arbitration And Stay This Case.*....................................4
    *POINT III  The Arbitration Agreement Is Valid And Enforceable*............................................5
    *POINT IV  The Arbitration Agreement Encompasses Plaintiff's Claims.*..................................6
**CONCLUSION** ..................................................................................................................7

**PRELIMINARY STATEMENT**

Pursuant to the Federal Arbitration Act, 9 U.S.C. §1, et seq. (The "FAA or Act"), Defendants PHILIPPOS KAPNISIS, Individually, and APPOLO TECH CORP., APOLLO TECH IRON WORK CORPORATION D/B/A PROTECH ENTERPRISE CORP., ("Defendants"), respectfully submit this Memorandum of Law in Support of their Motion to Compel Arbitration of Plaintiff's Claims and to Stay the Proceedings in this Court pending such arbitration.

On December 17, 2021, Plaintiff filed this lawsuit. Plaintiff brings his action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., alleging entitlement to overtime pay. Plaintiff also brings similar claims, pursuant to the New York Labor Law ("NYLL") §650 et seq. and 195. (ECF No. 1, ¶¶1-2).[1]

Plaintiff asserts that he was employed by Defendants as a construction worker/helper from Spring 2011 through September 20, 2021. (ECF No. 1, ¶3).

As will be more fully addressed below, Plaintiff, upon his hire by Defendants, signed an arbitration Agreement.

Significantly, Plaintiff agreed to submit any and all Federal and State Labor law "claims disputes and or controversies, including but not limited to, all statutory claims and any and all state and or federal claims, that may arise out of or relate in any way" to his work and or performance of services to Arbitration. Moreover, Plaintiff understood and agreed that he waived his right to maintain other available resolution processes, such as a court action or administrative proceedings, to resolve disputes with Defendants.

---

[1]   A copy of the Complaint is also attached to the Declaration of Defendant PHILIPPOS KAPNISIS, dated February 11, 2022, as Exhibit B.

1

In relevant part, the Arbitration Agreement states:

> THIS ARBITRATION AGREEMENT SUPERCEDES ANY AND ALL ARBITRATION AGREEMENTS
>
> THIS IS AN AGREEMENT TO ARBITRATE ALL CLAIMS, READ THE FOLLOWING ARBITRATION PROVISIONS CAREFULLY. IT LIMITS YOUR RIGIITS, INCLUDING THE RIGIIT TO MAINTAIN A COURT ACTION OR ADMINISTRATIVE PROCEEDING.
>
> 1. I, the undersigned ("UNDERSIGNED"), hereby agrees to arbitrate any and all claims, disputes and or controversies, including but not limited to, all statutory claims and any and all state and or federal claims, that may arise out of or relate in any way to my work and or performance of services for COMPANY NAME, including but not limited to claims, disputes and or controversies involving their predecessors, successors, assigns, parents. subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors and attorneys, past and present. ["UNDERSIGNED" as defined herein shall include any and all persons who worked or performed services for COMPANY NAME, including but not limited to part-time employees, full-time employees, temporary employees, independent contractors, and or seasonal employees).
>
> 2. By agreeing to arbitration, UNDERSIGNED understands and agrees that they are waiving their rights to maintain other available resolution processes, such as a court action or administrative proceedings, to resolve their disputes. The UNDERSIGNED also agrees to (i) waive any right to pursue any claims arising under this agreement including statutory, state and or federal claims, as a class action or class action arbitration, or (ii) to have an arbitration under this agreement consolidated with any other arbitration or proceeding.
>
> (Arbitration Agreement, Preamble and ¶¶1-2)[2]

Notably, appearing again at the bottom of the Arbitration Agreement page, is the following language, in all capital letters:

> THIS ARBITRATION PROVISION LIMITS YOUR RIGJITS; INCLUDING YOUR RIGHT TO MAINTAIN A COURT ACTION OR ADMINISTRATIVE PROCEEDING AGAINST COMPANY NAME PLEASE READ IT CAREFULLY, PRIOR TO SIGNING. UNDERSIGNED MAY SEEK INDEPENDENT LEGAL COUNSEL PRIOR TO SIGNING THIS AGREEMENT.

---

[2] Arbitration agreement attached to the Declaration of Defendant PHILIPPOS KAPNISIS, dated February 11, 2022, as Exhibit A thereto.

Based on the foregoing, Defendants respectfully submit that the instant lawsuit cannot go forward, because Plaintiff expressly and knowingly agreed to arbitrate the precise claims asserted in his Complaint. It is now settled law that claims of the type Plaintiff attempts to bring here are subject to Arbitration, under the FAA. *See* 9 U.S.C. § 2; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) (holding that the FAA governs arbitration clauses in employment contracts); *Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612 (2018) (enforcing arbitration agreement signed by employee). *See also Sutherland v. Ernst and Young LLP,* 726 F.3d 290 (2d Cir. 2013). "The Supreme Court has repeatedly instructed that the FAA reflects 'both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract.'" *Latif v. Morgan Stanley & Co. LLC*, 2019 U.S. Dist. LEXIS 107020 at *5 (S.D.N.Y. June 26, 2019) (quoting *AT&T Mobility v. Concepcion*, 131 S.Ct. 1740 (2011)). As the Supreme Court has noted many times, Congress enacted the FAA to dispel judicial hostility towards arbitration and "to place arbitration agreements on the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991). Therefore, Defendants respectfully request a Court Order Compelling the Arbitration of Plaintiff's Claims, and Staying this Action, Pending Arbitration.

## ARGUMENT

### POINT I

### The Federal Arbitration Act Requires That Plaintiff's Claims Be Arbitrated

"The FAA was enacted in 1925 in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011). Under FAA Section 2, a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such

grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The Federal Arbitration Act reflects an 'emphatic federal policy in favor of arbitral dispute resolution.'" *KPMG LLP v. Cocchi,* 565 U.S. 18, 21 (2011) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 631 (1985)). The FAA, and the strong federal policy favoring arbitration that it embodies, requires courts to "rigorously enforce agreements to arbitrate." *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985).

FAA Section 4 provides that: "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Where, as here, a valid arbitration agreement exists that covers the dispute at issue, a district court must compel arbitration of the dispute. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court"). Here, Plaintiff agreed to resolve his asserted claims solely and exclusively through individual arbitration.

Therefore, Defendants respectfully request that Plaintiff should be compelled to arbitrate his claims, and this action should be stayed.

## POINT II

### The Court Should Compel Arbitration And Stay This Case.

In determining whether a dispute is arbitrable, a court must resolve the following questions: (1) whether there exists a valid agreement to arbitrate; and (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement. *See Oldroyd v. Elmira Sav. Bank, FSB,* 134 F.3d 72, 75 (2d Cir. 1998).

In resolving these questions, "courts must 'construe arbitration clauses as broadly as possible,' and 'any doubts concerning the scope of arbitrable issues should be resolved in favor of

4

arbitration.'" *See Moses H Cone Mem 'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983); *see also Guyden v. Aetna, Inc.,* 544 F.3d 376, 382 (2d Cir. 2008) ("The FAA embodies the 'liberal federal policy favoring arbitration agreements' and 'establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration'"). The federal "presumption of arbitrability" requires that arbitration be compelled unless it may be said with "positive assurance" that the parties' agreement "is not susceptible of an interpretation that covers ... the dispute." *US. WA. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83 (1960).

It is clear, in the instant matter, that Plaintiff agreed to arbitrate, and that the dispute sought to be arbitrated by Defendants falls within the scope of the arbitration clause. As such, Plaintiffs claims should be submitted to arbitration and this action should be stayed.

## POINT III

### The Arbitration Agreement Is Valid And Enforceable.

Once the party moving to compel arbitration makes a *prima facie* showing that an agreement to arbitrate exists, the burden shifts to the party resisting arbitration to show (i) that he did not agree to the arbitration provision, (ii) that the arbitration provision is invalid or unenforceable, or (iii) that the arbitration provision does not encompass his claims. *See Savarese v. J.P. Morgan Chase*, No. 16-CV-321 (JFB) (SIL), 2016 U.S. Dist. LEXIS 159765, 2016 WL 7167968, *4 (E.D.N.Y. Nov. 16, 2016)*, report and recommendation adopted*, 2016 U.S. Dist. LEXIS 169982, 2016 WL 7176601 (E.D.N.Y. Dec. 7, 2016); *Whitehaven S.F., LLC v. Spangler,* 45 F. Supp. 3d 333, 342 (S.D.N.Y. 2014), *afff 'd ,* 633 F. Appx. 544 (2d Cir. 2015).

On a motion to compel arbitration such as this, the court applies a summary judgment standard to those three questions, under which the party resisting arbitration must prove that there is a genuine issue of material fact with regard to at least one of them. *See Doctor's Assocs., Inc. v.*

5

*Distajo,* 107 F.3d 126, 129-30 (2d Cir. 1997); 9 U.S.C. § 4.

Plaintiff cannot meet the burden required to prevent his claims from proceeding in the parties' agreed upon arbitral forum-because there is no genuine question of fact as to whether Plaintiff bound himself to the Arbitration Agreement. Accordingly, the instant arbitration agreement must be enforced because no "grounds"... exist at law or in equity for the revocation of the contract." 9 U.S.C. § 2.

## POINT IV

### The Arbitration Agreement Encompasses Plaintiff's Claims.

Here, because the Arbitration Agreement assented to by Plaintiff is valid and enforceable, arbitration should be compelled, and the matter stayed. Moreover, Plaintiff's dispute falls within the scope of the Arbitration Agreement. *See Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.,* 246 F.3d 219, 226 (2d Cir.2001). Where, as here, the arbitration clause is broad, there is a "presumption of arbitrability". *Louis Dreyfus Negoce SA. v. Blystad Shipping & Trading Inc.,* 252 F.3d 218, 224 (2d Cir. 2001) *quoting Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.,* 58 F.3d 16, 23 (2d Cir. 1995). *See also,, e.g., Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 100 (S.D.N.Y. 2015) ["Indeed, an arbitration clause covering 'any claim or controversy arising out of or relating to' an agreement is 'the paradigm of a broad clause'"]; Cypress v. Cintas Corp. No. 2, No. 16 CV 2478 (ADS),2017 U.S. Dist. LEXIS 19941, 2017 WL 564492, at *4 (E.D.N.Y. Feb. 11, 2017); *Salerno v Credit One Bank, NA*, No. 15-CV-516-JTC, 2015 US Dist LEXIS 146748, at *13 (W.D.N.Y. Oct. 28, 2015).

"[T]he[FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 218, 105 S. Ct. 1241 (1985); *Genesco, Inc. v. T. Kakiuchi & Co*., 815 F.2d 840, 844 (2d Cir. 1987) (citation

6

omitted; emphasis added).

Finally, Plaintiff's FLSA and NYLL causes of action are arbitrable. See, *Rodriguez Depena v. Parts Auth. Inc.*, 877 F.3d 122, 124 (2d Cir. 2017) (holding that FLSA and NYLL claims are arbitrable); *Toure v Thunder Lube Inc.*, 2019 US Dist LEXIS 169677, at *9 [E.D.N.Y. Sep. 30, 2019, No. 17-cv-0657 (DLI) (JO)]). Thus, the Agreement governs Plaintiff's claims.

Notably, "the party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000). See also *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987); *Spinelli*, supra; *Salerno, supra*.

Here, the arbitration agreement unambiguously requires that Plaintiff's FLSA and NYLL claims be arbitrated. (See annexed Exhibit A). On its face, the Arbitration Provision clearly and unequivocally covers all of Plaintiff's claims because all of Plaintiffs claims are brought pursuant to Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York Labor Law §§ 650 et seq. and 195. Therefore, Plaintiff claims fall within the scope of the Arbitration Agreement.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order compelling Plaintiff to arbitrate his claims against Defendants, and staying this action pending arbitration.

Dated: New York, New York
      February 15, 2022           Respectfully Submitted

                                       THE SAMUEL LAW FIRM

                                       /s/ Michael Samuel
                                      Michael Samuel (MS 7997)

1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884
(212) 563-9870 (Fax)
michael@thesamuellawfirm.com

Attorneys for Defendants

TO:
Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
Attorneys for Plaintiff.